UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KEISHA ARCHIBALD, as Parent and
Natural Guardian of N.A.,[1] and
KEISHA ARCHIBALD, Individually,

                Plaintiff,                      **COMPLAINT**

   -against-                              26-cv-2744

KAMAR H. SAMUELS, in his official capacity
as Chancellor of the New York City Department
of Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION.

                Defendants.
--------------------------------------------------------X

PLAINTIFF Keisha Archibald ("Plaintiff" or "Parent"), as Parent and Natural Guardian of

N.A. ("Student" or "Plaintiff-Student),[2] and Individually, as and for her Complaint, alleges as

follows:

<u>PRELIMINARY STATEMENT</u>

1. This case involves Plaintiff Keisha Archibald's appeal of SRO Decision No. 25-746

    ("SRO 25-746") pursuant to the Individuals with Disabilities Education Act ("IDEA"),

    issued on December 2, 2025 by State Review Officer Justyn P. Bates. A true and correct

    copy of SRO 25-746 is attached hereto as **Exhibit 1**.

2. Plaintiff seeks *de novo* review of SRO 25-746.

3. The IDEA offers federal funds to states in exchange for a commitment to furnish a "free

---

[1] Although the full name of the Parent is used in the Complaint and Order to Show Cause herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.
[2] As defined by 20 U.S.C. § 1401(3).

appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

4. N.A. suffers from a brain injury or brain-based disorder that adversely affects her educational abilities and performance.

5. N.A. is entitled to receive a FAPE and related services from DOE.

6. Since N.A. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

7. DOE must provide N.A. with an IEP every year so long as she remains qualified under the IDEA.

8. As defined in the IDEA, a FAPE comprises special education and related services— instruction tailored to meet a child's unique needs, and supportive services sufficient to allow the child to benefit from the instruction. 20 U.S.C. § 1401(26) and (29).

9. An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

10. Under the IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

11. An IEP is a unique educational program specially designed to meet the particular needs of a child with disabilities, which is created only after carefully considering the child's current levels of achievement, disability, and potential for growth. §§ 1414(d)(1)(A)(i)(I)-(IV), (d)(3)(A)(i)-(iv).

12. A school district's IEP must be specially designed to meet the unique needs of a child with disabilities.

13. To meet its substantive obligation under the IDEA, a school district must offer an IEP

reasonably calculated to enable a child to make appropriate progress in light of the child's individual circumstances.

14. A school district fulfills its substantive obligations under the IDEA when it provides an IEP reasonably calculated to enable a child to make some educational progress and advancement from year to year—progress that is appropriate in light of the child's circumstances and is something more than mere trivial advancement.

15. Parents are specifically entitled to request a due process hearing in order to present complaints as to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education. 20 U.S.C. § 1415(b)(6)(A).

16. If a parent disagrees in whole or in part with the decision of the Impartial Hearing Officer ("IHO"), she may appeal that decision to a state review officer.

17. Plaintiff Archibald exercised her right to seek review of the IHO's Findings of Fact and Decision in Case No. 297770 ("FOFD 297770"), which found that DOE satisfied its statutory obligations to provide N.A. with a FAPE for the 2025-2026 school year. A true and correct copy of FOFD 297770 is attached hereto as **Exhibit 2**.

18. SRO 25-746 wrongly dismissed the Parent's appeal of FOFD 297770 based on technical non-compliance, elevating form over substance.

19. "The IDEA's stay-put provision is triggered when a change in placement is proposed; a fundamental change in, or elimination of, a basic element of the educational program constitutes a change in placement." *Spilsbury v. D.C.*, 307 F. Supp. 2d 22, 27 (D.D.C. 2004) (quoting *Lunceford v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1582 (D.C. Cir. 1984)).

20. Unless the school district and the Parent agree otherwise, federal and state law requires

the child to remain in their then-current educational placement during the pendency of a due process proceeding. *See* 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a); N.Y. Educ. Law §4404(a) (McKinney).

21. In most cases, the term "then-current educational placement" in the stay-put provision refers to a child's last agreed-upon educational program before the Parent requests a due process hearing to challenge the child's IEP.

22. The "then-current educational placement" is the one provided for in the last educational program to which the student's parents and the school district both agreed or in a final unappealed administrative decision that adjudicated the IEP dispute in the parents' favor.

23. Additionally, when an SRO rules favorably on the merits of parents' challenge to an IEP—where parents have unilaterally placed their child in a private school during the pendency of the dispute—the SRO decision changes the child's pendency placement to the private school.

24. Accordingly, the stay-put provision requires a school district to continue funding the then-current educational placement until the relevant administrative and judicial proceedings are complete.

25. A student's last agreed-upon placement, or final unappealed administrative decision regarding placement, establishes a student's pendency placement.

26. Pendency provides stability and consistency in the education of a student with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

27. Student N.A.'s last agreed-upon placement and the basis for her pendency for the 2025-

2026 extended school year ("ESY") lies in SRO Decision No. 24-028.

28. Defendants have acknowledged, in other proceedings within the Southern District of New York, that N.A.'s pendency lies in SRO 24-028.

29. While the instant matter is pending before this Court, Defendants must continue funding N.A.'s current educational placement as set forth in SRO 24-028 until the judicial proceedings and any further administrative proceedings in this matter are complete.

30. Plaintiff seeks an Order (1) vacating SRO 25-746; (2) reversing the IHO's finding that DOE provided a FAPE to N.A. for the 2025-2026 ESY; and (3) ordering DOE to fund N.A.'s educational placement, including special transportation and nursing, for the 2025-2026 ESY based on the last agreed-upon placement set forth in SRO Decision No. 24-028.

31. Alternatively, Plaintiff seeks an Order remanding the matter to SRO Bates to consider the merits of Plaintiff's appeal of FOFD 297770.

## JURISDICTION AND VENUE

32. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq.*), and the regulations of the United States Department of Education, which were promulgated under authority granted by statute. 34 C.F.R. Part 300.

33. This Court has subject-matter jurisdiction of the matter pursuant to 28 U.S.C. § 1331 in that claims arise under federal law, including the IDEA and 42 U.S.C. § 1983.

34. This Court has subject-matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

35. To the extent this case involves questions about special education rights under New

York State Law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

36. This Court may grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, implemented through Fed. R. Civ. P. 57.

37. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because Defendants KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "Defendants") maintain a place of business in New York County.

38. Plaintiff is an aggrieved party due to SRO Bates' adverse ruling in SRO 25-746 and refusal to consider the merits of Plaintiff's appeal.

39. Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. §1415(j).

## THE PARTIES

40. Plaintiff KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A.

41. N.A. is a student with a disability as defined by 20 U.S.C. § 1401(3).

42. Plaintiff KEISHA ARCHIBALD and N.A. lived in the City of New York at all relevant times herein.

43. At all relevant times herein, Defendant KAMAR H. SAMUELS was and is the Chancellor of the New York City Department of Education and is being sued in her official capacity as Chancellor.

44. At all relevant times herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is, and was, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq.*, that manages and

controls the educational affairs of the New York City public schools and is required to do so in compliance with state and federal laws and regulations not in conflict with their underlying statutory authority.

45. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the Local Education Agency ("LEA"), defined in 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing a FAPE to each Student with a disability.

46. Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

47. DOE's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

48. Defendants receive federal funds for their commitment to furnish a FAPE to all children with certain physical and/or intellectual disabilities in the City of New York. 20 U.S.C. §1401(3)(A) (listing covered disabilities).

49. Defendants are legally responsible for ensuring compliance with the New York Education Law and the IDEA within New York City.

## FACTUAL ALLEGATIONS

50. N.A. has attended iBRAIN since the beginning of the 2021-2022 school year.

51. N.A. has received daily contracted special transportation services from a private provider, Sisters Travel and Transportation Services, LLC ("Sisters").

52. N.A. has received daily contracted special nursing services from a private provider, B&H Health Care Services, Inc. ("B&H").

53. N.A. is a ten-year-old student classified by her IEP as a student with Other Health Impairment.

54. N.A. is diagnosed with Seizure, Holoprosencephaly, ventriculoperitoneal shunt, and syndrome of inappropriate diuretic hormone secretion (SIADH—a condition which causes her body to retain water).

55. N.A. has limited verbalizations, poor coordination, and developmental delay/intellectual disability.

56. N.A.'s impairments adversely impact her daily living skills, all of which adversely affect her educational abilities and performance.

57. Due to the severe nature of her brain-based disorder, N.A. is functionally nonverbal. However, she is able to communicate by limited vocalizing and using an assistive technology device.

58. While N.A. can walk short distances with support, she is functionally non-ambulatory and requires a wheelchair and/or stroller to travel longer distances.

59. N.A. requires adult support for daily living.

60. N.A. has highly intensive management needs requiring a high degree of individualized attention and intervention throughout the school day.

61. N.A. requires special education and related services, including specialized transportation and nursing services, to accommodate her disabilities so that she can receive a FAPE.

62. While attending iBRAIN during the 2025-2026 SY, N.A.'s educational program consisted of a 12-month extended school year in an 8:1:1 class-size with an extended school day over an extended school year; individualized instruction; and comprehensive related services—including 1:1 Occupational Therapy five time per week, 1:1 Physical Therapy three times per week, 1:1 Speech-Language Therapy five times per week,

Music Therapy four times per week, and Assistive Technology two times per week — delivered in 60-minute sessions using push-in and pull-out models. N.A. receives 1:1 paraprofessional support and 1:1 nursing throughout the day and during transportation.

63. The iBRAIN IEP includes numerous assistive technologies for N.A. including: Adaptive Seating, Customized Wheelchair Dynamic Back Tilt Head Rest, Rocking chair with postural alignment options and safety belt adjustments, Gait Trainer, AAC Device, Stander, and Four Point Harness Seatbelt Molded Back and Seat Foot Rest Lateral Hip guides, among others.

64. On March 7, 2025, DOE developed an IEP for N.A. which recommended that she be placed in an 8:1+1 District 75 Specialized School.

65. The placement recommended in the IEP was inappropriate due to class size ratio, class functional and academic grouping, staffing, accessibility, availability of adequate resources, and the lack of individualized attention and support.

66. DOE's proposed IEP could not actually be implemented in a District 75 School during the regular school day.

67. DOE failed to recommend Vision Education Services, Hearing Education Services, a 1:1 nurse, Music Therapy, or appropriate Assistive Technology devices.

68. Plaintiff disagreed with the recommendations contained in the March 2025 IEP and, as a result, timely notified DOE of her intent to unilaterally place Student at iBRAIN.

69. On June 16, 2025, Plaintiff provided DOE with a written Ten-Day Notice ("TDN") of her rejection of DOE's proposed 2025-2026 program and placement, her concerns with DOE's proposed IEP, and her intent to enroll N.A. at iBRAIN.

70. Parent and her representatives indicated during an IEP meeting that N.A. needs music

therapy and a personal nurse. However, DOE does not offer music therapy as a formal related service, and the proposed school does not offer a personal nurse based upon a review done by the Office of Student Health.

71. DOE failed to recommend appropriate transportation services, including a 1:1 travel nurse, 1:1 travel paraprofessional, air conditioning, and limited travel time.

72. Due to these failures, Plaintiff enrolled N.A. at iBRAIN for the 2025-2026 SY.

73. iBRAIN is a New York City-based private school dedicated to serving children who have suffered injuries to their brains or have brain-based disabilities.

74. iBRAIN employs specialized teachers, nurses, and therapists to provide extended school day and extended school year care and education to children with brain injuries.

75. Unlike DOE schools, iBRAIN can provide students with an extended school day to provide a program to address students' needs for intensive levels of services.

76. Because of the intensive level of services that N.A. requires, it is necessary for her to attend a program, such as iBRAIN, which operates on an extended school day.

77. On June 19, 2025, Plaintiff executed an Annual Enrollment Contract with iBRAIN for the enrollment of N.A. for the 2025-2026 school year.

78. On or about June 17, 2025, Plaintiff executed a School Transportation Annual Service Agreement with Sisters for N.A.'s transportation to and from her home and iBRAIN for the 2025-2026 school year.

79. On or about June 17, 2025, Plaintiff executed a Nursing Service Agreement with B&H for the 2025-2026 school year.

80. On July 18, 2025, Plaintiff filed a DPC against DOE alleging, among other things, that DOE did not provide N.A. with a FAPE for the 2025-2026 ESY, that iBRAIN and

related services constitutes an appropriate unilateral placement, and that equities favored their request for direct payment of tuition and related services, including special transportation services and nursing services, where applicable, of the unilateral placement, in accordance with the tuition, special transportation, and nursing service agreements. 20 U.S.C. § 1415(i) *et seq.*; 8 N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

81. The DPC alleges, among other things, that DOE did not provide N.A. a FAPE, iBRAIN was an appropriate unilateral placement, and equities favored a request for direct payment of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

82. Plaintiff requested that DOE fully fund N.A.'s pendency placement at iBRAIN with special transportation and nursing under the respective service provider contracts and to maintain the status quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j).

83. The DPC was assigned IHO Case No. 297770.

84. On August 7, 2025, the IHO held a Pre-Hearing Conference ("PHC") with both parties and issued a PHC Summary and Order, without addressing the compliance date or scheduling a due process hearing.

85. The Due Process Hearing commenced on September 15, 2025 and was continued on September 17 and 24, 2025.

86. On October 14, 2025, the IHO issued an FOFD, well beyond the statutory compliance date.

87. FOFD 297770 found that DOE provided N.A. a FAPE for the 2025-2026 school year and

ended the inquiry there.

88. Plaintiff timely filed an appeal with the Office of State Review, which was assigned SRO No. 25-746.

89. SRO Justyn Bates dismissed Plaintiff's appeal on purely procedural grounds.

90. SRO Decision 25-746 made no findings of fact or conclusions of law on the merits of Plaintiff's request for review.

91. SRO Bates concluded that the Parent's pleading "must be rejected as it does not comply with the requirements set forth in State Regulation." Ex. 1 p. 1.

92. SRO Bates found that "a defective verification of the Request for Review was filed with the Office of State Review." *Id.* Specifically, SRO Bates stated that the Request for Review "included an affidavit of verification of the Request for Review that was defective since it was dated November 24, 2025, prior to the date of the Request for Review filed with the Office of State Review, which was dated November 26, 2025." *Id.*

93. SRO Bates also found that the Parent's Request for Review "was not signed by an attorney or by a party to the proceeding." *Id.*

94. SRO Bates also found that the Request for Review "exceeds the 10-page limit" set forth in the state regulations. *Id.*

95. SRO Bates stated:

> The Request for Review appears to encompass two separate documents. The first document entitled "Petitioner's Request for Review," totals 11 pages and includes paragraphs 1-24, however, the second document entitled "Petitioner's Request for Review" that was filed with the Office of State Review totals six additional pages and includes paragraphs 25-35. The second document has not been signed or verified and the two documents together far exceed the permissible page limitations.

*Id.*

96. SRO Bates additionally found that the "proof of service in this matter is invalid" because the Affirmation of Service accompanying the first document entitled Request for Review dated November 26, 2025, stated that it was served on November 24, 2025 and the second Request for Review, also dated November 26, 2025, does not include any separate Affirmation of Service.

97. SRO Bates stated that Plaintiff's attorneys have "previously been warned about incomplete filings and noncompliance with Part 279 and the unlikelihood that leave to amend would be granted in future matters." *Id.* p. 2.

98. SRO Bates concluded: "Given this and the significant number and type of defects present in your appeal, I decline to exercise my discretion to grant you leave to amend your Request for Review." *Id.*

99. SRO Bates concluded that "no further action will be taken on the above matter, and SRO Appeal No. 25- 746 is deemed closed," without ever addressing the substance and merits of Plaintiff's request for review.

100. Therefore, in dismissing Plaintiff's appeal of FOFD 297770 solely on technical and procedural grounds, for inadvertent errors and/or deficiencies committed by her attorneys, SRO Bates unfairly denied Plaintiff and N.A. the due process to which they are entitled.

## **ATTORNEYS' FEES**

101. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

102. A parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA

action.

103. A parent is considered a "prevailing party" if the parent achieves success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

104. In IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

105. In IDEA proceedings, where an administrative officer issues an order in favor of the parent of a child with a disability, the parent is the prevailing party.

106. The final administrative order alters the legal relationship between DOE and that Plaintiff.

107. At all times set forth here, Plaintiff was represented by the Liberty and Freedom Legal Group, Ltd., by and through its attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against Defendants under the IDEA and New York State's Education Laws, relative to the DPCs filed.

108. Plaintiff is entitled to reasonable attorneys' fees as the prevailing party in the underlying administrative proceedings.

109. Plaintiff's law firm, its attorneys, and legal staff dedicated significant hours representing Plaintiff in the IDEA proceedings.

110. Plaintiff requests an award of reasonable attorneys' fees as the prevailing party in the underlying administrative proceedings, in an amount to be provided at a date after the filing of this Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION
### *SRO Decision 25-746 Should Be Vacated*

111. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully

set forth herein.

112. SRO 25-746 should be vacated in its entirety.

113. SRO Bates failed to discharge his duties properly as required by the IDEA, 20 U.S.C. §1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and the Regulations of the Commissioner of Education, Part 200.

114. SRO Bates had the authority to excuse the technical deficiencies in Plaintiff's appeal.

115. SRO Bates abused his discretion in failing to grant Plaintiff leave to amend her Request for Review.

116. SRO Bates abused his discretion in dismissing Plaintiff's Request for Review of FOFD 297770 on purely technical and procedural grounds.

117. SRO Bates abused his discretion in dismissing Plaintiff's appeal due to the pleading's inadvertent non-compliance with the 10-page limit.

118. SRO Bates abused his discretion in dismissing Plaintiff's appeal based on a finding that the proof of service is invalid.

119. SRO Bates acted arbitrarily and capriciously in the failure to exercise the discretion to grant Plaintiff leave to amend her Request for Review.

120. As a result of SRO Bates' failure to address the substantive merits of Plaintiff's appeal, Plaintiff has been deprived of the ability to present her arguments and be heard on the merits of her appeal.

121. As a result of SRO Bates' failure to address the merits of Plaintiff's appeal, the IHO's erroneous FOFD in Case No. 297770 has been allowed to stand, resulting in damage to Plaintiff as set forth herein.

122. Defendants have violated Plaintiff's procedural and due-process rights under the IDEA.

**AS AND FOR THE SECOND CAUSE OF ACTION**
*FOFD 299770 Should Be Reversed*
*Based on De Novo Review of Record*

123. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

124. Under the IDEA, Plaintiff is entitled to this Court's *de novo* review of the administrative record below.

125. Upon *de novo* review of the administrative record, the Court should reverse and/or vacate the FOFD and should find that DOE failed to provide a FAPE to N.A. for the 2025-2026 ESY; that iBRAIN is an appropriate unilateral placement; and that the equities fully favor the Parent with respect to funding for tuition, special transportation, and nursing services.

126. The FOFD in IHO Case No. 297770 erroneously found that DOE provided N.A. with a FAPE for the 2025-2026 school year.

127. FOFD 297770 is contrary to the evidence presented by the Parent at the DPC and to the governing law.

128. Based on the preceding, Plaintiff's and N.A.'s rights were violated under the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, the New York State Education Law Article 89, and Part 200 of the Regulations of the New York State Commissioner of Education.

129. The IHO failed to discharge his duties properly, as required by the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and Part 200 of the regulations of the New York State Commissioner of Education.

130. The IHO failed to find that iBRAIN, along with special transportation and nursing services pursuant to Plaintiff's agreements with the service providers, is an appropriate placement for the 2025-2026 ESY.

131. The IHO failed to find that the equities favor Plaintiff with respect to funding for N.A.'s tuition, special transportation, and 1:1 nursing services.

132. Accordingly, FOFD 297770 should be reversed in its entirety, and all requested relief awarded to Plaintiff..

### AS AND FOR A THIRD CAUSE OF ACTION
*Attorneys' Fees*

133. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

134. Plaintiff is entitled to reasonable attorneys' fees, "fees on fees," and costs for the time spent and costs incurred in prosecuting this federal action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

i. Vacate SRO No. 25-746;

ii. Conduct an independent *de novo* review of the administrative record in IHO No. 297770;

iii. Reverse FOFD 297770 and Declare that Defendants did not provide N.A. with a FAPE for the 2025-2026 ESY;

iv. Declare that iBRAIN and the related services, including special transportation and nursing, pursuant to the Parent's respective contracts with the service providers, is an appropriate placement for N.A. in the 2025-2026 ESY;

v. Declare that the equities favored Plaintiff's request for total funding for N.A.'s educational program/placement at iBRAIN for the 2025-2026 ESY, including the cost of special transportation and nursing services, pursuant to Plaintiff's agreements with the respective service providers;

vi.   Order Defendants to directly fund the remaining costs of N.A.'s private school tuition for the 2025-2026 ESY;

vii.  Order Defendants to directly fund the remaining costs of N.A.'s special transportation and nursing services for the 2025-2026 ESY, pursuant to Plaintiff's agreements with the respective service providers;

viii. Declare Plaintiff to be the prevailing party for the purpose of the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517 (a)(1)(i),; and

ix.   Alternatively, reverse and remand SRO 25-746 for consideration of Plaintiff's Request for Review on the merits;

x.    Grant such other, further, and different relief as this Court may seem just, proper, and equitable.

Dated:  April 2, 2026
        New York, New York


                              Respectfully submitted,
                              Liberty & Freedom Legal Group, Ltd
                              *Attorneys for Plaintiff*

                    By:    /s/ Nicole Lancia
                           Nicole Lancia, Esq.
                           105 East 34th Street, Suite 190
                           New York, New York 10016
                           (646) 850-5035
                           nicole@pabilaw.org